UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Aria C. Miller,<br><br>                Plaintiff,<br><br>                v.<br><br>Amazon.com Services, LLC and<br>Amazon.com Inc.,<br><br>                Defendants. | 24-cv-1286 (NRM) (JAM)<br><br>**MEMORANDUM AND ORDER** |

NINA R. MORRISON, United States District Judge:

*Pro se* Plaintiff Aria Miller alleges discrimination based on her disability and her gender by Defendants Amazon.com Services, LLC and Amazon.com Inc. (collectively "Defendant" or "Amazon"), as well as retaliation based on those identities. She raises causes of action under the Americans with Disabilities Act (ADA), the Equal Pay Act of 1963 (EPA), the New York State Human Rights Law (NYSHRL), and the New York City Human Rights Law (NYCHRL). Amazon moves to dismiss the complaint in its entirety. For the reasons below, the Court grants Amazon's motion to dismiss on Miller's federal claims under the ADA and the EPA, and, having dismissed each of Miller's federal claims, declines to exercise supplemental jurisdiction on Miller's NYSHRL and NYCHRL claims.

**FACTUAL BACKGROUND**

Miller's Complaint asserts the following facts, which the Court must accept as true for purposes of Amazon's motion to dismiss.

1

Miller was employed by Amazon in 2019, and while working for Amazon, she suffered a workplace injury that physically disabled her and required her to be "out of work." First Amended Compl. ("FAC") 7, ECF No. 6.[1] On or about November 2019, Miller submitted medical documentation detailing the accommodations she required due to her disability. *Id.* After her submission, Amazon "reinstated" Miller to work for one week. *Id.* After that week, Amazon removed Miller from the schedule without providing written communication on why she was removed, when she would be reinstated, nor the steps that she might be required to take for reinstatement. *Id.* at 7–8. From 2019 to 2021, Miller was "employed by [Amazon], but was not added to the [work] schedule." *Id.* at 8.

While Miller was employed by Amazon but "out of work," the only communication she received from Amazon was related to "the extension or updates to [her] medical leave of absence." *Id.* In 2020, Miller applied for an Area Manager position, thinking it would accommodate her disability. *Id.* Amazon offered Miller the position. *Id.* In 2021, Miller received the offer letter with terms of the contract. *Id.* The offer letter, however, stated that Miller must be classified as a "Blue Badge" employee. *Id.* (Defendants in their motion papers clarify that Amazon uses the term "Blue Badge" to describe active employees. *See* Def. Mem. in Support of Mot. to Dismiss ("Def. Mem.") 9 n.2, ECF No. 13. At that time, however, Miller was not a "Blue Badge" employee because she was still out of work on medical leave. FAC at 8.

---

[1] Pincites refer to page numbers generated by CM/ECF, and not the document's internal pagination.

Miller alleges that because she "was not classified as a Blue Badge employee" she was "not eligible for the promotion," and therefore she "had to decline the offer due to the Blue Badge requirements for the promotion." *Id.* Miller's declining of the offer appears to have occurred in July 2021. *Id.*

Even though Miller declined the promotion, she remained employed as a warehouse associate with Amazon. *Id.* She and the hiring team communicated about "possible options for [Miller] to accept other openings for the role," but otherwise communication ceased between Amazon and Miller until 2022. *Id.*

In 2022, Miller physically visited the fulfillment center to speak with the onsite Human Resources team "to be reinstated." *Id.* She was "reinstated to the schedule" but her "reasonable accommodations request was not processed." *Id.* at 9. Miller remained out of work as Amazon awaited updated medical documentation. *Id.* Miller provided that documentation and was then reassigned to a different job within the fulfillment center, "with required light-duty lifting and a chair to alleviate st[r]ain caused by the Plaintiff's disability." *Id.*

Miller alleges that "[t]hese actions taken against the Plaintiff by the Defendant were specifically intended to discriminate against the Plaintiff as a result of the Defendant's perceived understanding of the Plaintiff's inability or limited ability to do the job." *Id.* She further alleges that "[t]he Defendant's lack of want to accommodate the Plaintiff's disability impacted the Plaintiff economically and emotionally." *Id.*

3

Miller alleges the discriminatory acts occurred in "July 2021" and that she filed a complaint with the EEOC or with an Equal Employment Opportunity counselor on December 4, 2023.  *Id.* at 4–5.  Miller indicates that the EEOC did not issue a Notice of Right to Sue letter after she filed her complaint with the agency.  *Id.* at 5.

Based on the facts in her First Amended Complaint, Miller alleges employment discrimination and retaliation by Amazon based on her disability and "gender/sex."  *Id.* at 3–4, 7.  Miller asserts her claims under the employment chapter (Title I) of the Americans with Disabilities Act (ADA), the Equal Pay Act of 1963 (EPA), the New York State Human Rights Law (NYSHRL), and the New York City Human Rights Law (NYCHRL).  *Id.* at 3–4.

## LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*  Courts "must construe [a complaint] liberally, accepting all factual allegations therein as true and drawing all reasonable inferences in the plaintiffs' favor."  *Sacerdote v. N.Y. Univ.*, 9 F.4th 95, 106–07 (2d Cir. 2021).  However, courts must also "disregard conclusory allegations, such as 'formulaic recitation[s] of the elements of a cause of action.'"  *Id.* at 107 (alteration in original) (quoting *Twombly*, 550 U.S. at 555).

4

## DISCUSSION

Miller has failed to administratively exhaust her claims under Title I of the ADA, and she has failed to state a claim under the EPA. Accordingly, all of her federal claims must be dismissed. The Court declines to exercise supplemental jurisdiction on Miller's remaining state law claims under the NYSHRL and the NYCHRL.

**I. Miller failed to administratively exhaust her claims for disability discrimination, reasonable accommodations, and retaliation under the ADA, warranting their dismissal**

The Second Circuit has recognized that Title I of the ADA, which covers employment issues, "incorporates various provisions from Title VII of the landmark Civil Rights Act of 1964" including the provision that "requires a claimant to file a charge of employment discrimination with the EEOC within 180 days after the discriminatory act," which is an "administrative-exhaustion provision." *McInerney v. Rensselaer Polytechnic Inst.*, 505 F.3d 135, 138–139 (2d Cir. 2007) (holding that Title III of the ADA, on public accommodations issues, in contrast, does not incorporate the administrative-exhaustion requirement); *see also DiProjetto v. Morris Protective Serv.*, 306 Fed. Appx. 687, 688 (2d Cir. 2009) (summary order) (affirming dismissal of plaintiff's employment discrimination action under Title VII and the ADA due to failure to administratively exhaust claims when EEOC complaint did not advance race, gender, and disability claims and instead focused on national origin alone); *Manigaulte v. C.W. Post of Long Island Univ.*, 659 F. Supp. 2d 367, 379 (E.D.N.Y. 2009) ("A claim pursuant to Title I [of the ADA], which prohibits employment discrimination, requires the claimant to file a charge with the EEOC . . . ."). The

deadline for filing a charge with the EEOC is extended to 300 days from the alleged discriminatory action in certain circumstances. 42 U.S.C. §§ 12117, 2000e-5(e).

Miller alleges that the discriminatory acts occurred in "July 2021" and that she filed a complaint with the EEOC or with an Equal Employment Opportunity counselor on December 4, 2023. FAC at 4–5. If the discriminatory acts ceased on July 31, the last possible day in July 2021, then Miller filed her EEOC complaint 856 days after the alleged discriminatory act. If the discriminatory acts ceased on April 30, 2022 — the last possible day Miller's back pay calculations might rely upon (FAC at 10), then Miller filed her EEOC complaint 583 days after the alleged discriminatory act. Thus, Miller failed to administratively exhaust her remedies. Because "nonexhaustion is clear from the face of the complaint (and incorporated documents), a motion to dismiss pursuant to Rule 12(b)(6) for failure to exhaust should be granted." *Gomez v. N.Y.C. Police Dep't*, 191 F. Supp. 3d 293, 299 (S.D.N.Y. 2016).

Moreover, Miller indicates that the EEOC did not issue a right to sue letter after she filed her complaint with the agency. FAC at 5. Obtaining a right to sue letter from the EEOC is another requirement for administrative exhaustion prior to commencing litigation. 42 U.S.C. §§ 12117, 2000e-5(e), (f); *Johnson v. Xylem Inc.*, 613 F. Supp. 3d 677, 679–80 (W.D.N.Y. 2020) (granting motion to dismiss *pro se* plaintiff's ADA claims where plaintiff indicated he did not receive a right to sue letter from the EEOC and did not attach such a letter to his complaint). Even if Miller had filed her EEOC complaint on time, the lack of a right to sue letter from the EEOC warrants

6

dismissal "on the basis that the right-to-sue letter is a precondition to bringing [her] claim[ ] in federal court." *Johnson*, 613 F. Supp. 3d at 680.

## II. Miller has failed to state a claim under the EPA

As a threshold matter, claims under the EPA must be raised within two years of the alleged pay violation. 29 U.S.C. § 255(a).[2] Miller seeks back pay from December 2019 through April 2022. FAC at 10. She first raised her Equal Pay Act claims to this Court via her First Amended Complaint, which was filed on April 24, 2024. FAC at 1, 3. Applying the two-year statute of limitations, all alleged violations prior to April 24, 2022 would be time-barred, and it is unclear whether Miller alleges any EPA violations specifically from April 24, 2022 through the end of April 2022.[3]

In any event, Miller has failed to state a claim under the EPA. "To show discrimination under the EPA, the plaintiff must show that: (1) the employer pays different wages to employees of the opposite sex; (2) the employees perform equal work on jobs requiring equal skill, effort, and responsibility; and (3) the jobs are performed under similar working conditions." *Santiago v. ACACIA Network, Inc.*, 634 F. Supp. 3d 143, 155 (S.D.N.Y. 2022) (citing *Lavin-McEleney v. Marist Coll.*, 239 F.3d 476, 480 (2d Cir. 2001)). In the form complaint included in her Amended

---

[2] If the violation was willful, then the statute of limitations is increased to three years. 29 U.S.C. § 255(a); *see Santiago v. ACACIA Network, Inc.*, 634 F. Supp. 3d 143, 154 (S.D.N.Y. 2022) (holding plaintiff sufficiently alleged a willful violation of the EPA, triggering the three-year statute of limitations).

[3] If the Court were to infer that Miller adequately pled that alleged EPA violations by Amazon were willful, then all alleged violations prior to April 24, 2021 would be time-barred. Miller, however, has not pled that any alleged EPA violations were willful.

7

Complaint, Miller lists the EPA as one of the bases for jurisdiction and checks "gender/sex" as one of the bases on which Amazon discriminated against her. FAC at 3–4. She also lists the EPA in certain sections of the non-form complaint she includes in her submission. FAC at 7, 9 ("Preliminary Statement," "Jurisdiction, Venue, and Procedural Requirements," and "Cause of Action" sections). Separate from those references to the EPA, however, Miller's pleading does not contain any allegation that Amazon paid different wages to employees of a different sex who performed equal work as Miller under similar working conditions.

Miller has therefore failed to state a claim under the EPA. Her pleading contrasts with complaints courts have found sufficiently state EPA claims. *See Chepak v. Metro. Hosp.*, 555 Fed. Appx. 74, 76 (2d Cir. 2014) (summary order) (*pro se* plaintiff "alleged that she was given a different title, but required to do the same job for less pay, as her male predecessors"); *Santiago*, 634 F. Supp. 3d at 155 ("The plaintiff has alleged adequately that [male comparator] was paid more, that [male comparator] performed a job requiring at least equal – if not less – skill, effort, and responsibility, and that [male comparator] worked under similar conditions as the plaintiff.").

Moreover, Miller's pleading is less detailed than other complaints that courts have found insufficient to state a claim under the EPA. *See E.E.O.C. v. Port Auth. of N.Y. & N.J.*, 768 F.3d 247, 249 (2d Cir. 2014) (plaintiff asserted defendant paid female nonsupervisory attorneys less than male counterparts for equal work but only pled broad facts concerning attorneys' job duties); *Lehman v. Bergmann Assocs., Inc.*, 11

8

F. Supp. 3d 408, 420 (W.D.N.Y. 2014) (plaintiff alleged "upon information and belief . . . [her] male counterparts . . . had comparable performance and responsibilities" but did not allege facts to support that conclusion).

Thus, without any reference to employees of a different sex who were employed by Amazon, had comparable jobs to Miller's, worked in similar conditions, and were paid more than she was paid, Miller has failed to state a claim under the EPA.

### III. The Court declines to exercise supplemental jurisdiction over Miller's remaining state law claims

Construed liberally, Miller pleads state law claims of disability discrimination, reasonable accommodation, retaliation, and gender discrimination under the NYSHRL and the NYCHRL. FAC at 3–4. A district court "may decline to exercise supplemental jurisdiction over a claim . . . if the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). The Supreme Court has indicated that "decisions of state law should be avoided both as a matter of comity and to promote justice between the parties," and that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966); *see also Denney v. Deutsche Bank AG*, 443 F.3d 253, 266 (2d Cir. 2006) ("A district court usually should decline the exercise of supplemental jurisdiction when all federal claims have been dismissed at the pleading stage"). There is no reason to depart from that general rule here. Thus, the Court will not exercise supplemental jurisdiction over Miller's state law claims, and they are dismissed without prejudice for Miller to pursue those claims in state court.

9

## CONCLUSION

For the reasons discussed, the Court <u>grants</u> Amazon's motion to dismiss on Miller's federal claims under the ADA and the EPA. Having dismissed Miller's federal claims, the Court declines to exercise supplemental jurisdiction on Miller's state law claims. The state law claims are dismissed without prejudice to Miller's ability to pursue those claims in state court.

SO ORDERED.

*/s/ Nina R. Morrison*

NINA R. MORRISON
United States District Judge

Dated: March 24, 2025
       Brooklyn, New York